CHARLES GILLMAN, PLAINTIFF, v. THOMAS SORVENTINO, DEFENDANT.

Argued May 23, 1925—Decided October 5, 1925.

The acceptance of a lesser sum than the face of the judgment, without the giving of a release or satisfaction piece, will not ordinarily operate by agreement of the parties to legally discharge the judgment; but where the defendant ceased the prosecution of a rule to show cause to review the verdict against him, and induced a third party to loan him the money paid in pursuance of the agreement, an additional consideration arises which will support the agreement.

On rule to show cause why judgment should not be ordered satisfied.

Before Mr. Justice MINTURN (by consent).

For the rule, *Sullivan & Meehan.*

*Contra, Richard Doherty.*

The opinion of the court was delivered by

MINTURN, J. After the defendant had pleaded *non vult* in the Hudson Sessions to an indictment for atrocious assault and battery, he undertook to settle a judgment against him in this action for damages for the sum of $25,000 growing out of the same assault. A rule to show cause had been granted to vacate the judgment. The sentence to be imposed in the criminal prosecution was suspended by Judge Lazarus, now deceased, until the civil action had been tried. When judgment was rendered in that action the attorney for the defendant undertook to settle the same with the plaintiff's attorney. Various sums ranging from $500 to $2,000 were offered in settlement, but the plaintiff's attorney rejected them all. Finally, in the presence of Judge Lazarus, it was agreed between the respective attorneys that $2,000

would be paid to the plaintiff's attorney, and Judge Lazarus, doubtless considering the payment of that sum the equivalent of the imposition of a legal penalty, suspended sentence in the criminal case. As a result, proceedings upon the rule to show cause in the civil cause were discontinued. The agreed sum of $2,000 was borrowed by defendant, he, himself, being penniless, from a friend, who paid it with the understanding that it was to be accepted as a settlement of the judgment, and a satisfaction of the criminal conviction. The money was thereafter paid by one of defendant's attorneys to the attorney for the plaintiff, who he says accepted it in full settlement of the judgment. No receipt or satisfaction was taken for the payment of the money, and thereafter Judge Lazarus died, thus complicating the situation.

The present application is presented upon a rule to show cause why the civil judgment should not be satisfied by order of the court. The testimony taken under the rule is of a conflicting character, the attorneys for the plaintiff insisting that the sum paid was upon account, and the attorneys for the defendant insisting that it was in final settlement not only of the judgment in the civil suit, but also was accepted by Judge Lazarus as the equivalent of a penalty in the criminal conviction, in pursuance of which he suspended operations of the sentence of one year in the county penitentiary.

A number of witnesses, who were present before Judge Lazarus when the proposition of settlement for $2,000, as is alleged, was made, testify that it was made in settlement of the civil judgment, and that conclusion seems to be substantiated by the fact that the sentence in the criminal prosecution was suspended by Judge Lazarus. No sufficient reason is apparent why the Court of Sessions should adopt such action, except upon the theory that the payment of the money being satisfactory to the parties as a settlement *inter sese* was sufficient to operate as a monetary penalty in punishment of the defendant in the conviction.

Nor is any logical reason apparent why a third party would supply the fund in question, except upon the understanding that the occurrence before Judge Lazarus, where he was

present, convinced him that the defendant would be released from further prosecution both upon the criminal conviction and under a *capias* in the civil suit. Such is my conclusion from the testimony, and from the circumstances surrounding the transaction.

The legal question presented is whether the acceptance of a lesser sum than the face of the judgment, in the absence of a release or satisfaction piece, can operate by agreement of the parties to legally discharge the judgment. Ordinarily, the rule is to the contrary. *Decker* v. *Smith,* 88 *N. J. L.* 630. But there are equitable circumstances which a court frequently invokes to lessen the rigor of the legal rule. Such a situation was presented in *Roberts* v. *Banse,* 78 *Id.* 57, where it was laid down by Mr. Justice Garrison, speaking for this court, that "if the debtor, in addition to the payment of a part of the debt as an agreed satisfaction of the whole, does, at the request of his creditor, some substantial thing of detriment to his interests that he was not bound to do upon the mutual understanding that it was an additional consideration for the creditor's promise to accept the less for the larger sum, legal effect may be given to such compact if the debtor has fully performed his part thereof to his detriment." In that case the debtor ceased to prosecute his appeal upon payment of the lesser sum. Here, the defendant ceased the prosecution of his rule to show cause to review the large verdict against him. He also being without means, induced a third party to come to his relief, and supply the necessary funds to satisfy the requirements of the agreement. In both respects he changed his legal and financial status to his detriment, and, under the adjudication cited, legal effect should be given to his action.

The defendant therefore is entitled to a rule directing that the judgment be satisfied of record.