The complainant recovered a judgment against the defendant Toney Peter Paul, in the district court, for $281.20 and costs, afterwards docketed in the common pleas, and on August 13th, 1925, filed this bill to set aside a conveyance *Page 559 
made by Paul, alleged to have been made to defraud the complainant. Paul's counsel arranged a settlement with complainant's counsel for $265, and Paul later arranged one with complainant for $250, and on August 25th paid $200 on account, and November 6th the balance. After the payment of the first installment of $200 the complainant's counsel, not knowing of the settlement, entered a decree by default, setting aside the conveyance as fraudulent as against the full amount of the judgment, and it was ordered that the property be sold to make the judgment, with costs and interest and a taxed bill of costs in the cause for $114.48. The decree was opened to permit the defendant to answer, and he set up inter alia the alleged accord and satisfaction.
Acceptance of a lesser sum in satisfaction of a judgment is not a bar to a recovery of the balance of the debt if there is not some additional consideration for the satisfaction. Gillman v.Sorventino, 130 Atl. Rep. 442. Paul claims that his failure to defend the bill, due to failure of the complainant to abide by the compromise, was an added consideration within the rule ofGillman v. Sorventino, supra, and Roberts v. Banse,78 N.J. Law 57, in which cases there were payments of smaller sums than the judgments, and it was held that the waiver by the judgment debtors of their proceedings to review the judgments formed part of the consideration for the creditors' promise to discharge their judgments. It is difficult to see how the defendant was prejudiced or the complainant benefited by the defendant's release from answering the bill and defending the charges of fraud. He stood to lose the costs had he defended and lost, and had he succeeded he would have gained nothing by the recovery of his costs and counsel fee, and if the complainant won out it would not gain, but only have its just due. If he was injured by the complainant's unwarranted entry of the decree on default, that cannot be held to relate to the contract of compromise. The additional consideration need be slight, but here there was no consideration other than the payment of the lesser sum. Part payment of the judgment under pressure of the creditor's bill was not a consideration, and *Page 560 
the defendant is liable for the balance of the judgment, with costs and interest, but not the taxed costs of this suit. Complainant's counsel not only erred in entering the decree for the full amount of the judgment when there was but a fraction due, but after the decree was opened, and after knowledge of the settlement persisted in prosecuting the bill, and the chancellor's discretion to award costs ought not to be exercised in its favor. While the defendant cannot, because of the rigorous rule of law, hold the complainant to its agreement, which on his part he has faithfully fulfilled, quity will not require him to do more than the rule exacts. Equity cannot refuse to enforce the judgment, but it can refrain from penalizing the defendant with the costs. The fendant will be allowed costs in this suit.
The court may, when the justice of the case requires, impose costs upon the successful party. P.L. 1915 p. 184 § 6. Upon the payment of the balance due on the judgment, with interest, the bill will be dismissed.